IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CLARICE MALLORY, etc.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 07-0680-WS-C |
| | ) |
| **GMS FUNDING, LLC, et al.,** | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the motion of defendants United States Title Corporation and U.S. Title Corp., LLC (collectively, "U.S. Title") to dismiss. (Doc. 11). The parties have filed briefs in support of their respective positions, (Docs. 11, 21, 25), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant materials in the file, the Court concludes that the motion is due to be granted in part and denied in part.

## BACKGROUND

This is the latest in a recent series of cases[1] invoking Section 8(b) of the Real Estate Settlement Procedures Act ("RESPA"). According to the complaint, the plaintiff obtained a real estate mortgage loan from defendant GMS Funding, LLC, with U.S. Title acting as closing agent. (Doc. 1 at 2, ¶¶ 5-6). The HUD-1 reflects a "title insurance" charge of $255.85 and a "recording fee" charge of $90. (*Id.* at 2-3, ¶¶ 7, 9, 12). The complaint alleges that the insurer's "filed rate" with the Alabama Department of

---

[1]*See Boudin v. Residential Essentials, Inc.*, 2007 WL 2023466 (S.D. Ala. 2007); *Hazewood v. Foundation Financial Group, LLC*, 2007 WL 1975446 (S.D. Ala. 2007); *Williams v. Saxon Mortgage Services, Inc.*, 2007 WL 1845642 (S.D. Ala. 2007); *Morrisette v. Novastar Home Mortgage, Inc.*, 484 F. Supp. 2d 1227 (S.D. Ala. 2007).

Insurance is $179.00 and that the fee charged by the Mobile County Probate Court for recording was $50.50. (Id., ¶¶ 8, 9, 14). The complaint in Count II alleges that these charges violate Section 8(b), which provides as follows:

> (b) <u>Splitting Charges</u>. No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed.

12 U.S.C. § 2607(b).

## DISCUSSION

In order to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must as a threshold matter provide "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8(a)(2). *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). Though they need not be detailed, "[f]actual allegations must be enough to raise a right to relief above the speculative level ...." *Id.* Thus, neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffices to satisfy Rule 8(a)(2). *Id.* at 1965. "Stated differently, the factual allegations in a complaint must 'posses enough heft' plausibly to suggest that the pleader is entitled to relief. ... Facts that are 'merely consistent with' the plaintiff's legal theory will not suffice when, 'without some further factual enhancement [they] stop short of the line between possibility and plausibility of "entitlement to relief."'" *Weissman v. National Association of Securities Dealers, Inc.*, 500 F.3d 1293, 1310 (11th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1966).

If, but only if, "a claim has been stated adequately [under Rule 8(a)(2)], it may be supported by showing any set of facts consistent with the complaint." *Twombly*, 127 S. Ct. at 1969 (explaining *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). That is, "[a] motion to dismiss [for failure to state a claim] may be granted only when a defendant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief." *Kirwin v. Price Communications Corp.*, 391 F.3d 1323, 1325 (11th Cir. 2004) (internal quotes omitted). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and the exhibits attached thereto." *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (internal quotes omitted).

**I. Title Insurance.**

The complaint alleges that the filed rate established the maximum legal rate for the policy at $179. An agreement between U.S. Title and the title insurer also required U.S. Title to charge only the filed rate of $179, which included both the cost of the policy and U.S. Title's commission from the insurer. U.S. Title performed tasks in connection with the issuance of the policy, but it was compensated for those tasks through other fees imposed on the plaintiff at closing, including the closing fee ($175), abstract fee ($37.50), and handling fee ($75). Under these circumstances, the $76.85 charged the plaintiff beyond the filed rate did not compensate U.S. Title for services actually performed under Section 8(b). U.S. Title split the $76.85 with the title insurer. (Doc. 1, ¶¶ 14, 34).

In *Morrisette*, the Court held that Section 8(b) supplies no cause of action against a title insurer that performs services by providing a policy but charges more for those services than the filed rate; such conduct amounts to a non-actionable overcharge, not an actionable markup. 484 F. Supp. 2d at 1229-30. The plaintiff argues that *Morrisette* was wrongly decided for a variety of reasons. (Doc. 21 at 3-8, 14-21). The Court rejected each of these arguments in *Williams*, 2007 WL 1845642 at *4-6, and no good purpose would be served by repeating that refutation herein.[2] To the extent the plaintiff's claim is

---

[2]Two recent Eleventh Circuit opinions, brought to the Court's attention by the plaintiff in a notice of additional authority, (Doc. 41), do not alter *Morrisette*'s analysis. In *Busby v. JRHBW Realty*, 2008 WL 151872 (11th Cir. 2008), the Court noted HUD's 2001 policy statement endorsing Section 8(b) suits for overcharges but expressly declined

based on the allegation that the filed rate or the defendant's agreement with the insurer prohibited the $76.85 charge, the claim is barred by *Morrisette* and *Williams*.[3]

But the complaint also alleges that the $76.85 charge violates Section 8(b) because the defendant was already compensated for its services in connection with the title policy by payments it received from the plaintiff under other line items on the HUD-1, such that the $76.85 was not for such services. The defendant, which neither acknowledges nor addresses this portion of the plaintiff's claim, has not shown entitlement to its dismissal.

## II. Recording Fee.

The plaintiff's Section 8(b) claim concerning the recording fee is expressed in a single sentence. (Doc. 1, ¶ 35). The defendant argues that this spare pleading fails to satisfy the requirements of *Twombly*, (Doc. 11 at 13), and its position appears justified. The plaintiff declined to defend her pleading of the claim, and the Court will not devise arguments on her behalf.

## III. Other Charges.

In its factual section, the complaint alleges that the defendant "marked-up other settlement charges including, but not limited to, the 'notary fee' of $150 and the fee for

---

to address whether the Second and Third Circuit opinions on which *Morrisette* relied correctly rejected the policy statement as inconsistent with the unambiguous language of the statute. *Id*. at *7 n.6. In *Krupa v. Landsafe, Inc*., 2008 WL 169692 (11th Cir. 2008), the Court held only that there was no Section 8(b) violation when a mortgage loan broker charged borrowers the same amount for a credit report that the credit reporting agency charged the broker. *Id*. at *4. *Busby* and *Krupa* are nevertheless significant in that they employ the "overcharge" and "markup" terminology that the plaintiff argues is the fictional product of the Second and Third Circuits.

[3]This conclusion obviates consideration of the defendant's alternate grounds that the plaintiff's claim is barred by the filed rate doctrine, by failure to exhaust state administrative remedies, and by the doctrine of primary jurisdiction. (Doc. 11 at 19-24).

'title examination' of $150." (Doc. 1, ¶ 15). Under Count II, however, the complaint simply mentions these charges without alleging that they violated Section 2607(b). (*Id.*, ¶ 33). The defendant pointed out this pleading deficiency, (Doc. 11 at 13-16), and the plaintiff elected not to respond.

## CONCLUSION

For the reasons set forth above, the defendant's motion to dismiss is **denied** with respect to title insurance, to the extent the claim is based on the allegation that the defendant was compensated for title policy services under other line items. In all other respects, the motion to dismiss is **granted**.

DONE and ORDERED this 30th day of January, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE