IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CLARICE MALLORY, etc.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 07-0680-WS-C |
| | ) |
| **GMS FUNDING, LLC, et al.,** | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the motions to dismiss filed by defendants United States Title Corporation and U.S. Title Corp., LLC (collectively, "U.S. Title") and GMS Funding, LLC ("GMS"). (Docs. 61, 66). The parties have filed briefs in support of their respective positions, (Docs. 61, 66, 76, 78, 81, 84),[1] and the motions are ripe for resolution. After carefully considering the foregoing and other relevant material in the file, the Court concludes that U.S. Title's motion is due to be granted in part and denied in part and that GMS's motion is due to be denied.

## BACKGROUND

According to the amended complaint, (Doc. 57), the plaintiff obtained a real estate mortgage loan from GMS, with U.S. Title acting as closing agent. Count One charges GMS with violating the Truth in Lending Act, while Count Two accuses both defendants

---

[1] The plaintiff in her current brief purports to rely upon her brief in opposition to U.S. Title's previous motion to dismiss. (Doc. 76 at 1). However, principal briefs may not exceed 30 pages, *see* Local Rule 7.1(b), and her two briefs combined approach 40 pages. Moreover, the plaintiff has made no effort to identify any relevant material from her previous brief, which defended a complaint very different from the present one and which appears to focus on an issue since definitively decided against her by the Eleventh Circuit. For all these reasons, the Court confines its consideration to the plaintiff's current brief.

of violating Section 8(b) of the Real Estate Settlement Procedures Act ("RESPA"). Counts Three and Four seek class-wide relief for these alleged violations. The pending motions address only the RESPA claims of Count Two.

## DISCUSSION

In order to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must as a threshold matter provide "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8(a)(2). *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). Though they need not be detailed, "[f]actual allegations must be enough to raise a right to relief above the speculative level ...." *Id.* Thus, neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffices to satisfy Rule 8(a)(2). *Id.* at 1965. "Stated differently, the factual allegations in a complaint must 'possess enough heft' plausibly to suggest that the pleader is entitled to relief. ... Facts that are 'merely consistent with' the plaintiff's legal theory will not suffice when, 'without some further factual enhancement [they] stop short of the line between possibility and plausibility of "entitlement to relief."'" *Weissman v. National Association of Securities Dealers, Inc.*, 500 F.3d 1293, 1310 (11th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1966).

If "a claim has been stated adequately [under Rule 8(a)(2)], it may be supported by showing any set of facts consistent with the complaint." *Twombly*, 127 S. Ct. at 1969 (explaining *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). That is, "[a] motion to dismiss [for failure to state a claim] may be granted only when a defendant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Kirwin v. Price Communications Corp.*, 391 F.3d 1323, 1325 (11th Cir. 2004) (internal quotes omitted). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and the exhibits attached thereto." *Grossman v.*

*Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (internal quotes omitted).

Section 8(b) provides as follows:

> (b) <u>Splitting Charges</u>.  No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed.

12 U.S.C. § 2607(b).

"[S]ubsection 8(b) does not apply to settlement fees that are alleged to be excessive."  *Friedman v. Market Street Mortgage Corp.*, 520 F.3d 1289, 1291 (11th Cir. 2008).[2]  Instead, "subsection 8(b) requires a plaintiff to allege that no services were rendered in exchange for a settlement fee ..." *Id*. at 1298.  A "service" for which a defendant may charge includes "arranging for third party contractors to perform" the service.  *Sosa v. Chase Manhattan Mortgage Corp.*, 348 F.3d 979, 983-84 (11th Cir. 2003).

The amended complaint challenges seven fees charged by U.S. Title and one (tax service) charged by GMS, each under a separate line item on the HUD-1 settlement statement.[3]  The allegations are summarized below.

| <u>Fee</u> | <u>Charge</u> | <u>Provider</u> | <u>Cost to Defendant</u> |
|---|---|---|---|
| Tax service | $75 | third party | under $50 |
| Title search | $250 | third party | under $100 |
| Title examination | $150 | third party | under $100 |

---

[2]This Court has previously reached the same conclusion.  *E.g., Morrisette v. NovaStar Home Mortgage, Inc.*, 484 F. Supp. 2d 1227 (S.D. Ala. 2007); *Williams v. Saxon Mortgage Services, Inc.*, 2007 WL 1845642 (S.D. Ala. 2007).

[3]The HUD-1 attached to the amended complaint does not reflect all these charges, and it reflects some of them in amounts different from those alleged.  Resolution of the motions to dismiss is unaffected by the disparity.

| | | | |
|---|---|---|---|
| Notary fee | $150 | third party | under $100 |
| Title insurance | $255.85 | third party | $179 |
| Courier fee | $75 | third party | "much less" |
| Wire fee | $32 | unspecified | under $10 |
| Recording fee | $90 | unspecified | $50.50 |

Nominally, the amended complaint asserts that "[e]ach and every fee complained of in the paragraphs above constituted charges other than fees for services actually performed ...." (Doc. 57, ¶ 63). Likewise, "[e]ach and every sum charged in excess of the charges of the third party vendors that actually performed the services listed above constitutes a fee that is unearned by U.S. Title and U.S. Title performed no service in exchange for said fees." (*Id*., ¶ 27). But the actual allegation is not that GMS and U.S. Title performed no service (not even that of arranging for performance by third parties) with respect to the eight challenged line items. Instead, the allegation is that the defendants, through fees charged on other line items, were "fully compensated for all services [they] performed or arranged" in connection with the loan transaction, (*id*., ¶¶ 9, 12, 15, 16, 26, 59, 60), "including those [services] complained of above," (*id*., ¶ 26), which includes all eight challenged fees.[4] That is, the amended complaint admits or assumes that the defendants performed services in connection with tax service, title search, title insurance, recording, etc., but it insists that the defendants were "fully compensated" for these services by payments on other line items and so cannot also be compensated under the specific line item charges.

To the extent the plaintiff's claim is that the defendants have been adequately compensated elsewhere for their services, such that additional compensation under the

---

[4]The amended complaint alleges that U.S. Title was fully compensated by its $175 settlement or closing fee, plus the portion of the title insurance fee representing its commission from the insurer. (*Id*., ¶¶ 26, 59). The fees that fully compensated GMS are not identified.

eight challenged line items would be excessive, the claim is barred by *Friedman*'s holding that "subsection 8(b) does not apply to settlement fees that are alleged to be excessive."  520 F.3d at 1291.  The plaintiff, however, disavows this construction of her pleading.  (Doc. 76 at 2).  Instead, she argues that, because the defendants were fully compensated for their services by other charges, there was nothing left to compensate under the eight challenged line items (other than actual out-of-pocket payments to third parties).  Since there were no uncompensated services remaining, the charges on these line items (above the third-party costs) could not be for those services and thus must constitute illegal markups.  (*Id*. at 2-3, 7).

      The defendants argue that *Friedman* "made clear that the fact that a payment to a defendant may occur on one line of a [HUD-1] does not mean that a defendant has been fully compensated for all services."  (Doc. 61 at 3).[5]  This may be so as far as it goes, but it does not answer the question presented.  In the segment of *Friedman* on which the defendants rely, the Court accepted that services related to tax service monitoring could be split between two fees: one for payment of the third-party monitor, and another for arranging for the monitor's services.  520 F.3d at 1295-96.  Here, however, the plaintiff does not allege that the defendants were compensated only for certain services on one line, leaving open the possibility that other, related services could be compensated on another line.  Rather, she alleges that the defendants were compensated for *all* services on other lines, leaving nothing (beyond third-party costs) to be compensated on the eight challenged lines.  *Friedman* does not address the ramifications of such an allegation, and the defendants offer no other argument that such a situation, if proved, is non-actionable as a matter of law.[6]

---

[5]Because GMS defers to U.S. Title's briefing, the Court cites only to the latter defendant's briefs.

[6]The defendants do appear to assume that a plaintiff is not permitted to go behind a HUD-1 to show that what is represented as a fee for a particular service is not.  As they

The defendants next pick at the pleading concerning particular line items. (Doc. 61 at 14-18). Their argument that several of them lack an allegation that no additional services were provided cites only those paragraphs specifically mentioning the implicated line items. Paragraphs that address all eight contested line items globally contain the supposedly missing allegation. (Doc. 57, ¶¶ 26-27). Similarly, their argument that three of the challenged line items are not specifically mentioned in Count Two ignores allegations within Count Two re-alleging all preceding paragraphs and alleging that "[e]ach and every fee complained of in the paragraphs above" is made the basis of the claim. (*Id*., ¶¶ 55, 63).

The defendants also attempt to characterize certain portions of the RESPA claim as non-actionable overcharges rather than actionable markups. (Doc. 61 at 20). The effort produces mixed results. To the extent the plaintiff's claim as to title insurance rests on the charging of an amount in excess of that allowed by Alabama law, (Doc. 57, ¶¶ 20-21, 35-36), it improperly attempts to resurrect a claim dismissed on the previous motion to dismiss.[7] The defendants' effort to construe the title examination portion of the claim as an overcharge requires them to contradict the allegations of the amended complaint as to who performed the examination, which is not permitted on motion to dismiss.

Finally, the defendants invoke *Twombly*. (Doc. 81 at 7-9). Because they did not raise this argument until their reply brief, it comes too late and can be rejected on that ground alone.[8] At any rate, the argument as articulated misses the mark. The defendants

---

offer no authority or even explanation in support of this assumption, the Court need not consider it further.

[7]*See Mallory v. GMS Funding, Inc*., 2008 WL 276578 (S.D. Ala. 2008). This ruling appears to obviate consideration of the remaining arguments raised in the defendants' opening brief, (Doc. 61 at 20-29), which constitute an apparently verbatim repetition of much of U.S. Title's initial motion to dismiss directed to this claim.

[8]*E.g., Mariano v. Potter*, 2006 WL 907772 at *3 & n.6 (S.D. Ala. 2006) (listing cases).

assert that the amended complaint's usage of the word "therefore" renders the allegation that they performed no services in exchange for the contested fees a mere conclusion, insufficient under *Twombly*. The expression of conclusions, however, is not prohibited by *Twombly*, but only the recitation of bald conclusions insufficiently backed by factual material. In this case, that material is the allegation that the defendants were "fully compensated" by other fees for their services in connection with the loan transaction, and the defendants have not addressed the factual or legal sufficiency under *Twombly* of the plaintiff's reliance on this allegation.

For the reasons set forth above, U.S. Title's motion to dismiss is **granted** to the extent the amended complaint purports to re-assert the claim regarding title insurance that was previously dismissed. In all other respects, U.S. Title's motion to dismiss is **denied**. GMS's motion to dismiss is also **denied**.

DONE and ORDERED this 8th day of July, 2008.

                s/ WILLIAM H. STEELE
                UNITED STATES DISTRICT JUDGE